# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | |
| v. ) | Case No. CR-03-112-M |
| ) | (CIV-13-339-M) |
| PHONESAVANH SENGKHAMVILAY, ) | |
| ) | |
| Defendant-Movant. ) | |

## ORDER

Before the Court is defendant-movant Phonesavanh Sengkhamvilay's ("Sengkhamvilay") Motion by a Person in Federal Custody to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, filed April 8, 2013. On April 30, 2013, the government filed its response. Sengkhamvilay has not filed a reply.

I.     Background

On August 19, 2003, Sengkhamvilay and several other individuals were charged in a multiple count Superseding Indictment with, *inter alia*, conspiracy to possess with the intent to distribute MDMA and cocaine. Sengkhamvilay was charged in 18 counts.

On November 12, 2003, the jury trial in this matter commenced. On November 13, 2003, during the second day of trial, Sengkhamvilay pled guilty to conspiracy to possess with the intent to distribute MDMA in violation of 21 U.S.C. § 846.[1]

On June 18, 2004, the Court sentenced Sengkhamvilay to 235 months' imprisonment, followed by a five-year term of supervised release. All other counts of the Superseding Indictment were dismissed. The Court entered its Judgment on June 23, 2004.

---

[1] Sengkhamvilay pled guilty in his change of plea hearing on November 13, 2003, but the Plea Agreement and Petition to Enter a Plea of Guilty were not filed until January 6, 2004.

Subsequently, Sengkhamvilay filed his Notice of Appeal. On December 13, 2005, the Tenth Circuit affirmed Sengkhamvilay's sentence. *United States v. Sengkhamvilay*, 158 F. App'x 150, 154 (10th Cir. 2005). On February 7, 2006, the Tenth Circuit issued its mandate. Sengkhamvilay did not file a petition for writ of certiorari with the Untied States Supreme Court.

II.     Discussion

A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The statute of limitations begins to run from the latest of:

> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3      the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

"Equitable tolling of the limitations period is available 'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2011) (citing *Marsh v. Sares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). The Tenth Circuit has further clarified that "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary

2

circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that Sengkhamvilay has not satisfied the one-year statute of limitiatons. Specifically, Sengkhamvilay filed his § 2255 motion nearly nine years after the Court entered judgment and more than seven years after the Tenth Circuit affirmed Sengkhamvilay's sentence. Furthermore, the Court finds equitable tolling is inapplicable in this matter as Sengkhamvilay has failed to explain his delay or how he diligently pursued his claims. Therefore, the Court finds that Sengkhamvilay's § 2255 motion is time-barred pursuant to §2255(f).

III. Conclusion

Accordingly, the Court DISMISSES Sengkhamvilay's Motion by a Person in Federal Custody to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [docket no. 334].

**IT IS SO ORDERED this 29th day of July, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE